**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**
**March 16, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Richard Scott Bennett,**
**Petitioner Below, Petitioner**

**vs)   No. 19-1152** (Monroe County 19-C-27)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**


**MEMORANDUM DECISION**


Self-represented petitioner Richard Scott Bennett appeals the December 3, 2019, order of the Circuit Court of Monroe County dismissing his second petition for a writ of habeas corpus. Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex, by counsel Holly M. Flanigan, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2008, petitioner was indicted in the Circuit Court of Monroe County for the murder of the woman with whom he was living. The victim's minor children resided with petitioner and the victim. The victim's two oldest children testified at petitioner's trial that petitioner either pushed or kicked the victim down the steps of the trailer in which they lived. The oldest child further testified that the victim fell through the bannister, causing the victim's head to hit on a "pointy-edge hooked to the bed frame," which gouged into the victim's face around her eye area. Petitioner asserted at trial that the victim's injuries resulted from an accidental fall.[1] Following his trial, a

---

[1]The victim's oldest child testified that the victim did not die for "a day or two." Petitioner (continued . . .)

jury found petitioner guilty of first-degree murder and did not make a recommendation of mercy. Accordingly, the circuit court sentenced petitioner to a life term of incarceration without the possibility of parole. Petitioner appealed his first-degree murder conviction to this Court, which refused his appeal by order entered on September 22, 2010.

On May 12, 2011, petitioner filed a petition for a writ of habeas corpus. The circuit court appointed habeas counsel who filed an amended petition and a *Losh* checklist.[2] Petitioner raised numerous grounds for relief, including erroneous jury instructions, prejudicial pretrial publicity, erroneous denial of a change of venue motion, and ineffective assistance of trial counsel. Following two evidentiary hearings, the circuit court entered an order on May 5, 2016, denying the amended habeas petition. Petitioner appealed the circuit court's May 5, 2016, order in *Bennett v. Ballard* ("*Bennett I*"), No. 16-0535, 2017 WL 3821805 (W. Va. September 1, 2017) (memorandum decision), and this Court affirmed the denial of habeas relief.[3]

On August 7, 2019, petitioner filed his second habeas petition in the circuit court, reasserting erroneous jury instructions, prejudicial pretrial publicity, erroneous denial of a change of venue motion, and ineffective assistance of trial counsel. With regard to the ineffective assistance claim, petitioner asserted that the United States Supreme Court's decision in *McCoy v. Louisiana*, 138 S.Ct. 1500 (2018), represented a change in the law favorable to him. By order entered on December 3, 2019, the circuit court dismissed the instant petition, finding that the claims raised therein were adjudicated in *Bennett I*.

Petitioner now appeals the circuit court's December 3, 2019, order dismissing his second habeas petition. This Court reviews a circuit court order dismissing a habeas petition under the following standards:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).
>
> . . . .
> "'A court having jurisdiction over habeas corpus proceedings may deny a

----

did not seek medical aid for the victim.

[2]The checklist of grounds typically used in habeas corpus proceedings, usually referred to as the *Losh* checklist, originates from our decision in *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), where we set forth the most common grounds for habeas relief. *See id.,* 166 W. Va. at 768-70, 277 S.E.2d at 611-12.

[3]We take judicial notice of the record in *Bennett v. Ballard*, No. 16-0535, 2017 WL 3821805 (W. Va. September 1, 2017) (memorandum decision).

petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W.Va. 698, 601 S.E.2d 18 (2004).

Syl. Pts. 1 & 3, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016). However, because we have before us the denial of petitioner's *second* habeas petition, we first consider the application of Syllabus Point 4 of *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981): "A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: . . . a change in the law, favorable to the applicant, which may be applied retroactively."

On appeal, petitioner raises multiple issues in addition to those reasserted in the second habeas petition. Respondent counters that petitioner violates Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure by failing to include citations to the record that pinpoint where he presented these additional issues to the circuit court. We agree with respondent.

Rule 10(c)(7) provides, in pertinent part, that petitioner's "argument must contain appropriate and specific citations to the record on appeal, *including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal*," and that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." (Emphasis added.) We have held that "[t]o preserve an issue for appellate review, a party must articulate it with such sufficient distinctiveness to alert a circuit court to the nature of the claimed defect." Syl. Pt. 2, *State ex rel. Cooper v. Caperton*, 196 W. Va. 208, 470 S.E.2d 162 (1996). "One of the most familiar procedural rubrics in the administration of justice is the rule that the failure of a litigant to assert a right in the trial court likely will result in the imposition of a procedural bar to an appeal of that issue." *State v. Miller*, 194 W. Va. 3, 17, 459 S.E.2d 114, 128 (1995) (Internal quotations and citations omitted.); *see State v. J.S.*, 233 W. Va. 198, 207, 757 S.E.2d 622, 631 (2014) (finding that "[t]he failure to timely raise the issue below has resulted in waiver of the matter in this appeal"). Accordingly, we limit our review to those issues presented to the circuit court in the second habeas petition. *See Watts v. Ballard*, 238 W. Va. 730, 735 n.7, 798 S.E.2d 856, 861 n.7 (2017) (stating that "[t]his Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance") (quoting Syl. Pt. 2, *Sands v. Sec. Trust Co.*, 143 W. Va. 522, 102 S.E.2d 733 (1958)).

Respondent argues that the circuit court properly found that the issues of erroneous jury instructions, prejudicial pretrial publicity, erroneous denial of a change of venue motion, and ineffective assistance of trial counsel were adjudicated in *Bennett I*. Based upon our review of both our decision in *Bennett I* and the May 5, 2016, order that we affirmed in *Bennett I*, we concur with the circuit court's finding that the issues raised in the second habeas petition were previously adjudicated.

Pursuant to Syllabus Point 4 of *Losh*, a habeas petitioner may file a successive petition

asserting "a change in the law, favorable to the applicant, which may be applied retroactively." 166 W. Va. 762-63, 277 S.E.2d at 608. In *Bennett I*, one of petitioner's ineffective assistance of trial counsel claims alleged that counsel conceded during closing arguments that petitioner killed the victim, in an attempt to persuade the jury to convict him of a lesser included offense of first-degree murder, in contravention of petitioner's goal of a full acquittal. 2017 WL 3821805, at *5. Here, the parties agree that, in *McCoy*, the United States Supreme Court held that "a defendant has the right to insist that counsel refrain from admitting guilt, even when counsel's experienced-based view is that confessing guilt offers the defendant the best chance to avoid the death penalty." 138 S.Ct. at 1505. The Supreme Court further stated that "[b]ecause a client's autonomy, not counsel's competence, is in issue," the test for determining ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), does not apply when a defendant objects to trial counsel's strategy of admitting guilt. 138 S.Ct. at 1510-11.[4] Rather, the Supreme Court found that trial counsel's violation of the defendant's Sixth Amendment-secured autonomy is not subject to harmless error review. *Id.* at 1511.[5]

The parties dispute whether the holding of *McCoy* applies outside of the death penalty-context and whether it retroactively applies to cases that became final before *McCoy* was decided. We find that we do not need to resolve those disputes because, even if *McCoy* applies, the Supreme Court distinguished that case from cases where the defendant "complain[s] about the admission of his guilt only after trial." *Id.* at 1509 (citing *Florida v. Nixon*, 543 U.S. 175, 185 (2004)). Respondent argues that petitioner's self-serving testimony about his strategy discussions with trial counsel in *Bennett I* was determined to be unreliable. In *Bennett I*, we found no reason to disturb the circuit court's finding that "[trial counsel's] testimony [was] more credible than petitioner's testimony[.]" 2017 WL 3821805, at *6. We reasoned that:

> "[a]n appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n. 9 (1995); *see also State ex rel. Daniel*

---

[4] We adopted the test for determining ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), in Syllabus Point 5 of *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995):

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

[5] The Sixth Amendment to the United States Constitution provides that a defendant is entitled to "the [a]ssistance of [c]ounsel for his defence." In *McCoy v. Louisiana*, 138 S.Ct. 1500 (2018), the United States Supreme Court found that "the Sixth Amendment 'contemplat[es] a norm in which the accused, and not a lawyer, is master of his own defense.'" 138 S.Ct. at 1508 (quoting *Gannett Co. v. DePasquale*, 443 U.S. 368, 382 n.10 (1979)).

*v. Legursky*, 195 W.Va. 314, 327, 465 S.E.2d 416, 429 (1995) ("In cases where there is a conflict of evidence between defense counsel and the defendant, the circuit court's findings will usually be upheld.").

*Id.* Due to the findings set forth in *Bennett I*, we find that petitioner cannot show that he objected to trial counsel's concession of guilt during closing arguments. Therefore, we conclude that the circuit court did not abuse its discretion in dismissing the instant habeas petition.

For the foregoing reasons, we affirm the circuit court's December 3, 2019, order dismissing petitioner's instant petition for a writ of habeas corpus.

Affirmed.

**ISSUED:**   March 16, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison

**DISSENTING:**

Justice William R. Wooton

5